# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 2147 | **DATE** | 3/28/2013 |
| **CASE TITLE** | Henry Sistrunk (2011-0118036) vs. Sheriff of Cook County, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $7.17 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. The Clerk shall also: (1) dismiss Defendants Cermak Health Services and Cermak Environmental Services; (2) issue summonses for service of the complaint on the remaining Defendants: Thomas Dart, Cook County, Director Moreci, Director Pruisis, and Commander Hudik; and (3) send Plaintiff a copy of this order. Plaintiff's motion for the assistance of counsel [4] is granted. The Court appoints Richard Burk Lapp of Seyfarth Shaw LLP, 131 S. Dearborn, Suite 2400, Chicago, Illinois 60603, 312-460-7000, to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rules 83.29 and 83.37.

■[For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff, Henry Sistrunk, a pretrial detainee at Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $7.17. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees.

Plaintiff alleges that he was hospitalized immediately upon his arrest after he was struck by a police vehicle. On January 31. 2011, Plaintiff was released to the custody of the Cook County Department of Corrections and placed in the Cermak health Care Unit. Since that time through the present, Plaintiff is required to use a wheelchair. However, the units he has been assigned to are not wheelchair accessible resulting in multiple issues. These issues include, lack of wheelchair accessible showers, inability to get into bed causing him to sleep on the floor, inability to go to the visiting area, inability to eat at a table, etc. As to his needed use of a wheelchair and the lack of accommodations, Plaintiff raises claims under Section 1983, the ADA and the Rehabilitation Act. Plaintiff also raises a claim under Section 1983 regarding the conditions of the areas he is housed in. This includes the "filthy and unsanitary" conditions that result in infections.

**STATEMENT**

    Plaintiff names Sheriff Thomas Dart; Cook County; Moreci, the Director of Cook County Jail; M. Pruisis, the Director of Cermak Health Services; Cermak Health Services; Commander Hudik, and Cermak Environmental Services as Defendants. Neither Cermak Health Services nor Cermak Environmental Services are suable entities and they are dismissed as Defendants in this action. *See Glass v. Fairman*, 992 F. Supp. 1040, 1043 (N.D. Ill. 1998). The remaining Defendants must respond to the complaint.

    The United States Marshals Service is appointed to serve the remaining Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former Cook County Jail/Cermak Health Services employee who can no longer be found at the work address provided by Plaintiff, Cook County Jail/Cermak Health Services shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

    In light of the seriousness of the injuries sustained by Plaintiff and the resulting cognitive damages, the Court hereby appoints Richard Burk Lapp of Seyfarth Shaw LLP, 131 S. Dearborn, Suite 2400, Chicago, Illinois 60603, 312-460-7000, to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rules 83.29 and 83.37.